WM. B. HOWSE, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ALEXANDER SUMMER AND EDITH SUMMER, INDIVIDUALLY AND TRADING AS ALEXANDER SUMMER CO., DEFENDANTS-APPELLANTS.

Submitted May 1, 1945—Decided May 18, 1945.

Before Justices CASE, BODINE and PERSKIE.

For the appellants, *Morrison, Lloyd & Morrison (Sydney V. Stoldt)*.

For the respondent, *William V. Breslin.*

The opinion of the court was delivered by

BODINE, J. This is a suit for commissions. We conclude that there should have been a judgment of nonsuit. The parties are duly licensed real estate brokers having places of businesses in Teaneck, Bergen County, in this state.

The defendant had the exclusive listing of a certain property in Teaneck and verbally extended to the plaintiff, and other brokers, the right to co-operate in making sale of the premises. The broker making the actual sale would receive two-thirds of the commission, the exclusive agent one-third. All offers of purchase were subject to acceptance by the owner.

Plaintiff made an offer which the owner rejected. It then made an offer to purchase on its own account. This the owner rejected because a resale might be made to a person who would not be pleasing to him.

There certainly was no obligation upon the part of the defendant other than to communicate the plaintiff's offer to

the owner. His rejection of the offer gave to the plaintiff no vested right to commissions and no cause of action against the defendant on the facts proved.

The facts in this case are somewhat analogous to those appearing in *Vreeland* v. *Vetterlein,* 33 *N. J. L.* 247. In this case, there was an exclusive agent who had co-operating agents. All offers were subject to acceptance by the owners. In the case cited an owner employed several brokers. His duty was only to remain neutral to them. In this case the exclusive agent was under a duty to remain neutral as between the several co-operating brokers. This it appears to have done. The ultimate choice of buyer was with the seller and this choice seems not to have been influenced by anything the defendant or its servants did or said.

The judgment is reversed, with costs.